

LAW OFFICES

# WEIR LLP

A Pennsylvania Limited Liability Partnership

1300 Route 73, Suite 314
Mount Laurel, New Jersey 08054
WEIRLAWLLP.COM

Robert D. Sokolove, Esquire
Member of DC, MD, NJ and PA Bars

Direct Dial (215) 241-7706
E-mail: rsokolove@weirlawllp.com

May 5, 2026

**VIA ECF/CM**

Honorable Andre M. Espinosa, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building
50 Walnut Street, Courtroom MLK 2D
Newark, NJ 07102

> **Re:** **Joseph D'Agostino, et al. v. Borough of Totowa, et al.**
> **Case No. 23-04068**

Dear Magistrate Judge Espinosa:

This law firm represents the Plaintiffs in connection with the above-referenced action. We write to seek permission from the Court for Plaintiffs to file a motion seeking leave to amend their complaint. If permitted, Plaintiffs would file a Motion for Leave to file a Second Amended Complaint along with a their proposed Second Amended Complaint. The purpose of the amendment would be for Plaintiffs to assert a claim for permanent injunctive relief.

The Plaintiffs are homeowners and residents of Totowa. They live in Mrs. D'Agostino's single-family home, where she grew up and cared for her mother in her final days. The home is of immeasurable value to the Plaintiffs, even though the home has suffered repeated and devasting flooding over the years and the land sustaining the home converted into a *de facto* drainage basin. Despite the flooding, the property damages and the diminished marketability of the home, the home brings Plaintiffs great joy and comfort, and they would very much like the causes of the flooding to be addressed. Stated another way, Plaintiffs would like to continue living in their home and would like Defendants, who are causing the flooding, to stop flooding them. Thus, a claim for a permanent injunction, directing Defendants to make necessary repairs, needs to be added to the complaint.

The original lawsuit was commenced by prior counsel on July 28, 2023. The complaint was subsequently amended by prior counsel in March, 2024, to add additional parties. The claims asserted—all of which arise from the flooding—are for violation equal protection under 42 U.S.C. §1983, negligence/dangerous condition and taking/inverse condemnation (as against

PENNSYLVANIA    ∞    NEW JERSEY    ∞    DELAWARE    ∞    NEW YORK

Honorable Andre M. Espinosa, U.S.M.J.
May 5, 2026
Page 2

Borough of Totowa); continuing nuisance and breach of contract (as against Gamma Realty Company); and, continuing nuisance (as against NJDC Urban Renewal, LLC, NJDC Condominium Association, Inc. and JPMorgan Chase Bank, National Association). The remedies sought in the amended complaint are an award of compensatory damages, attorneys' fees and such other and further relief as the Court deems equitable and just. Since no permanent injunctive relief is sought, the causes of the flooding will not be addressed and Plaintiffs' property will continue to flood.

As part of the permanent injunction, Plaintiffs will seek an Order directing Defendants to engage their engineers to analyze the causes of the flooding, to propose options to address the causes of the flooding and to undertake repairs to stop the flooding. Defendants are in the best position to understand the drainage systems on their respective properties and/or designed by them, to inspect and analyze their properties and the efficacy (or lack thereof) of their drainage systems, and to explain what steps can be taken to either retain, redirect, reduce and/or slow down the stormwater flowing from their properties onto the Plaintiffs' property.

Federal Rule of Civil Procedure 15 embodies a liberal approach to pleading. *See, e.g., Bensel v. Allied Pilots Ass'n,* 387 F.3d 298, 310 (3d Cir. 2004), *cert. denied,* 544 U.S. 1018, 125 S.Ct. 1976, 161 L.Ed.2d 856 (2005); *see also DLJ Mortgage Capital, Inc. v. Sheridan,* 975 F.3d 358, 369 (3d Cir. 2020). Subsection (a) allows a party to amend a complaint upon leave of court and states that leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Subsection (c) provides that an amendment arising out of the same conduct as that alleged in the original complaint will normally "relate back" to the complaint for statute of limitations purposes. *Id.* 15(c). Combined, these provisions ensure that an inadvertent error in pleading will not preclude a party from securing relief on the merits of a claim. *See, e.g., Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

The liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the preparation and presentation of a case. *Foman v. Davis*, 371 U.S. 178, 181-182. The "Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities." *Clinton v. Jersey City Police Dep't*, No. CV 2:07-5686-CCC-MF, 2017 WL 1024274, at *2 (D.N.J. Mar. 16, 2017) (citing *Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990)). Further, in the Third Circuit, courts may also ground their decision "on consideration of additional equities, such as judicial economy/burden on the court and the prejudice denying leave to amend would cause to the plaintiff." *Mullin v. Balicki*, 875 F.3d 140, 149–50 (3d Cir. 2017).

In *Foman v. Davis, supra.*, the United States Supreme Court identified a number of factors to be considered in deciding on a motion to amend under Rule 15(a):

Honorable Andre M. Espinosa, U.S.M.J.
May 5, 2026
Page 3

> In the absence of any apparent or declared reason—such as undue delay, bad faith
> or dilatory motive on the part of the movant, repeated failure to cure deficiencies
> by amendments previously allowed, undue prejudice to the opposing party by virtue
> of allowance of the amendment, futility of amendment, etc.—the leave sought
> should, as the rules require, be "freely given."

371 U.S. at 182, 83 S.Ct. at 230. The Third Circuit has interpreted these factors to emphasize that "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Cornell & Co. v. Occupational Safety & Health Review Comm'n,* 573 F.2d 820, 823 (3d Cir. 1978). But the non-moving party must do more than merely claim prejudice; "it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the ... amendments been timely." *See Heyl & Patterson Int'l v. F.D. Rich Housing of the Virgin Islands,* 663 F.2d 419,  426 (3d Cir. 1981) (citing *Deakyne v. Comm'rs of Lewes,* 416 F.2d 290, 300 (3d Cir.1969)). Guided by the foregoing principals, Plaintiffs should be granted leave to file a Second Amended Complaint to assert a claim for permanent injunctive relief.

Plaintiffs have not delayed in seeking this amendment. Although time as passed since the commencement of suit, Plaintiffs did not have a full understanding of the nature of the claims and remedies sought by prior counsel in the amended complaint, and it has taken some time for Plaintiffs and their present counsel to work through these issues and formulate a strategy.

There is simply no evidence of bad faith or dilatory motive on the part of Plaintiffs, and Plaintiffs deny any such allegations.

The first amendment to the complaint, filed by prior counsel with the consent of defense counsel, was needed to add additional defendants, but was not focused on stopping the flooding. The undersigned has no knowledge or information as to why a claim for a permanent injunction was not previously asserted as Plaintiffs insist that it was always their intent to have their property repaired.

There is no prejudice to Defendants, let alone "undue" prejudice by allowing Plaintiffs to amend their complaint to allege a claim for a permanent injunction. Defendants are not now, nor will they be in the future, unfairly disadvantaged or deprived of any opportunity to present facts or evidence which they would have offered if Plaintiffs had properly pleaded the claim for permanent injunction in the original or amended complaint.

And last, the amendment will not be futile. It will allow Plaintiffs the opportunity to be made whole. The way the complaint currently stands, any victory in favor of Plaintiffs would be an empty one since their property will continue to flood, in perpetuity, unless Defendants are required to address the drainage flowing from their properties.

Honorable Andre M. Espinosa, U.S.M.J.
May 5, 2026
Page 4


   In summary, the liberality of Federal Rule 15(a) favors allowing Plaintiffs an opportunity to file a second amended complaint. *Foman, supra., Bensel, supra., Clinton, supra.* We welcome a conference should the Court feel that would be helpful in determining the best manner for proceeding.

           Respectfully submitted,

           /s/ *Robert D. Sokolove*

           ROBERT D. SOKOLOVE

JHN/
cc:   All counsel (via E-Filing)